# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD D. COLE, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV 11-297-FHS-KEW |
| TERRY MARTIN, Warden, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Dick Conner Correctional Center in Hominy, Oklahoma, attacks his conviction and sentence in Garfield County Case Nos. CF-2003-765 for Possession of CDS with Intent to Distribute (Count 1) and Attempting to Escape from Arrest or Detention (Count 2), CF-2003-787 for Uttering a Forged Instrument, and CF-2004-059 for Uttering a Forged Instrument.

Petitioner alleges his sentences were excessive, and his counsel was ineffective in challenging the excessive sentences. He is asking the court to allow him to file an appeal out of time in the state district court or to file a motion to withdraw his pleas, based on ineffectiveness of his counsel. The respondent asserts the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The following dates are pertinent to the timeliness of the petition:

| | |
|---|---|
| 03/10/2004 | Petitioner entered guilty pleas to the felony charges in the three cases. Sentencing was delayed under the Delayed Sentencing Program for Young Adults, with sentencing set for September 28, 2004. |
| 09/28/2004 | The trial court deferred petitioner's sentences for five years, until September 15, 2009, with various conditions of probation. No appeals were perfected. |
| 08/07/2007 | After the State filed a number of motions to accelerate, the trial court held a hearing and accelerated petitioner's sentences. He was sentenced to life imprisonment for Count 1 in Case No. CF-2003-765 and seven years each in Case Nos. CF-2003-787 and CF-2004-59, all to run consecutively. He was not sentenced for Count 2 of Case No. CF-2003-765. |
| 08/21/2008 | The acceleration of petitioner's challenge to his deferred judgments and sentences was affirmed in *Cole v. State*, Nos. F-2007-797, F-2007-798, and F-2007-799 (Okla. Crim. App. Aug. 21, 2008). |
| 11/19/2008 | Petitioner's judgments became final at the expiration of the 90-day period for filing writs of certiorari to the United States Supreme Court, pursuant to Sup. Ct. R. 13. |
| 07/15/2009 | Petitioner filed a petition for post-conviction relief in the trial court. The petition was denied on December 16, 2009, and petitioner filed a petition in error with the Oklahoma Court of Criminal Appeals. |
| 04/14/2010 | The Oklahoma Court of Criminal Appeals affirmed the trial court's denial of petitioner's application for post-conviction |

relief in *Cole v. State*, No. PC-2010-042 (Okla. Crim. App. Apr. 14, 2010).

Petitioner's convictions became final on November 19, 2008, ninety days after the OCCA affirmed his conviction on direct appeal. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). Therefore, his deadline for filing a federal petition for a writ of habeas corpus was November 19, 2009. *See* 28 U.S.C. § 2244(d)(1)(A).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed a post-conviction application regarding these convictions on July 15, 2009, and the Oklahoma Court of Criminal Appeals affirmed the denial of relief on April 14, 2010. Therefore, his deadline for filing this habeas action was extended 274 days until August 20, 2011. The petition was not filed until August 25, 2011, more than a year after the deadline had passed, so it is barred by the statute of limitations.

Petitioner argues that because his appellate counsel never informed him that his post-conviction appeal had been denied, he was unaware of the factual predicate of his claims that could have been discovered though the exercise of due diligence, and he, therefore, was prevented from filing a timely habeas petition. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418 (2005)) (internal quotation marks omitted).

Although petitioner claims to have made numerous attempt to contact his post-

conviction appellate attorney, he has made no assertion that he ever inquired with the state courts about the status of his appeal. Furthermore, he has not alleged any attempts he made to seek habeas representation or to prepare a pro se federal habeas petition during the time he could have filed a timely petition. The court, therefore, concludes he did not diligently pursue his federal habeas claims, and he is not entitled to equitable tolling of the one-year limitation period.

**ACCORDINGLY, the** respondent's motion to dismiss time barred petition [Docket No. 7] is GRANTED, and this action is, in all respects, DISMISSED.

IT IS SO ORDERED this 17th day of July, 2012.

Frank H. Seay
United States District Judge